# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION FILE |
| v. | NO. 1:21-cr-231-TCB |
| JACK FISHER; JAMES SINNOTT; and CLAY MICHAEL WEIBEL, | |
| Defendants. | |

## O R D E R

On September 14, almost two months to the day from the beginning of this trial, the jury began deliberating. Now before the Court is the Government's motion seeking either the removal of Juror 26 or the removal of Juror 44.

No one disputes the law controlling this issue. As the Eleventh Circuit held in *United States v. Brown*, 996 F.3d 1171 (11th Cir. 2021) (en banc), a district judge cannot remove a juror once deliberations have begun absent a finding that "no substantial possibility exists that she is basing her decision on the sufficiency of the evidence." *Id.* at 1884. This

"no substantial possibility" standard "basically [requires proof] beyond a reasonable doubt" in which the court comes to this conclusion "with utmost certainty . . . ." *Id.* (quotations omitted).

The Government's motion to exclude Juror 26 is based upon that juror's statement in an *in camera* interview that she heard Juror 44 tell two other jurors that the Defendants are guilty because of their race and class.

Before this current motion, the Court had already denied the Government's motion to exclude Juror 26 based upon claims that she refused to deliberate or follow the instructions given in this case.

After this holding, the Government filed a motion [710] for an emergency hearing seeking to either strike Juror 44 should the Court find that he made that statement, or strike Juror 26 for fabricating a statement to the Court.

The Court ended this hearing without deciding the underlying issue because the parties discussed the possibility of each Defendant waiving his appellate rights[1] as to Juror 44's continued presence in the

---

[1] The Court's discussion of the waiver of appellate rights includes any right to raise this issue on direct appeal, in a motion filed pursuant to Federal Rule of Criminal Procedure 33, or in a proceeding pursuant to 18 U.S.C. § 2255.

jury. After the hearing concluded, each Defendant communicated to the Court in no uncertain terms that he waived his appellate rights based upon Juror 44's alleged statement. For example, Sinnott's counsel stated that

> [o]n behalf of James Sinnott, we have agreed, and will execute a waiver just as the court defined the waiver this afternoon on the r[e]cord in court regarding the alleged racially inappropriate statement of [Juror 44]. The defense will not raise the issue in a Rule 33 proceeding, on direct appeal, or in a Section 2255 proceeding.[2]

Nevertheless, minutes after the last Defendant communicated that he would also waive his right to appeal on this issue, the Government retracted this avenue of relief, believing that the Court must "dispel the allegations creating a cloud of a possibly race-based verdict."

The Court loathes further invading the jury's deliberative process.

---

[2] Fisher's counsel wrote that "Mr. Fisher waives his objection to Juror 44's alleged statement several weeks ago that Defendants are guilty because they are rich, white, and entitled. Mr. Fisher believes voir dire of Juror 44 is not warranted and the jury should continue to deliberate."

Weibel's counsel wrote that "On behalf of Mr. Weibel, we also waive this issue. We expressly request that deliberation be permitted to continue."

A critical factor here is that not even one of the three Defendants objects to either Juror 26 or Juror 44's participation in deliberations. Indeed, the Court agreed with defense counsel as to Juror 26's involvement in deliberations after a multi-hour hearing.

Nor do the Defendants object to Juror 44's involvement in this jury. While the Government states that it no longer believes that the Defendants' waiver of this issue would stand on appeal or in a collateral proceeding, the fact that *each* Defendant waived this issue is critical to this issue.

Context also matters. The Court and the parties are aware at this point that Juror 26 is currently in favor of acquittal. And it is more likely than not that Juror 44 is in favor of conviction. This is so because an earlier issue arose where Juror 44 used ugly words towards Juror 26, which the latter describes as resulting from sharing her views on the case.

But Defendants do not object to Juror 44's presence on this jury despite his alleged statement towards the Defendants. Any case dealing with juror removal ultimately focuses on a defendant's constitutional rights. That is precisely why the Court proceeded with utmost caution

and adherence to the applicable law in recent hearings conducted on this issue.

But where the Defendants not only do not object—but explicitly *waive*—any issue with Juror 44's involvement on this jury, the Government's issue taken with Juror 44's involvement is of minimal weight.

Take Defendant Weibel's recent motion [713]. In it, he moves to resume deliberations without further judicial intervention. And he also withdraws a previous motion to remove Juror 44 due to his alleged intimidation of Juror 26 because the jurors appear to "be on good terms and communicating respectfully," making that prior motion "unnecessary." *Id.* at 2.

The standard here is also important. *Brown*'s dictates are clear. District judges must not only restrain from removing jurors absent a high showing, but so too must district judges refrain from interfering with jury deliberations absent the same. *See, e.g.*, *Brown*, 996 F.3d at 1186 ("Our high standard 'protects against overly intrusive judicial inquiries into the substance of the jury's deliberations.' (alteration

omitted) (quoting *United States v. Thomas*, 116 F.3d 606, 622 (2d Cir. 1997)))

The Court has already instituted a multi-pronged inquiry into this jury by way of post-deliberation charges, voir dire of select jurors in open court, *in camera* interviews, and *in camera* inspection of the jury's group chat and the foreperson's individual messages with two select jurors.

This immediate experience informs the Court's present decision on this issue. Take Juror 26. Though noting credibility concerns, the Court could not find with "utmost certainty" that Juror 26 would not base her decision on the sufficiency of the evidence.

As to Juror 44, the Court has already conducted two *in camera* interviews with the two other jurors in that room in which Juror 26 allegedly heard that comment, and both jurors denied that it was made. Unless Juror 44 admitted to making this statement, which the Court's finds extremely unlikely, this issue would devolve into another he-said she-said that would not suffice under for removal under *Brown*.

That the Court would not reach a factual basis for removal under *Brown* is not the only issue. As Weibel correctly notes, "[a]dditional

interviews of the jurors would risk unintentionally influencing their decision, breaching the secrecy of deliberations, or causing the jury to fall back into the tensions that temporarily disrupted deliberations." [713] at 4.

Thus, for the reasons stated above, the Court declines the Government's invitation to intervene and peel back yet another layer of the onion. The Court makes clear that all motions [704; 706; 707; 708; 709; 710] made by various parties in this case regarding juror removal are denied. Weibel's motion [713] to continue jury deliberations is denied as moot.

In sum, we shall "[l]et the deliberations play out, let one juror convince another that he is wrong, and let the jury return a verdict." *Brown*, 996 F.3d at 1195 (Brasher, J., concurring). The Government's motion is denied.

IT IS SO ORDERED this 19th day of September, 2023.

_____
Timothy C. Batten, Sr.
Chief United States District Judge