IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>JACK FISHER | Criminal Action No.<br><br>1:21-cr-00231-TCB |

**PRELIMINARY ORDER OF FORFEITURE FOR DIRECT ASSETS AND ORDER OF FORFEITURE FOR MONEY JUDGMENT**

Having read and considered the United States of America's Motion for Preliminary Order of Forfeiture for Direct Assets and Motion for Order of Forfeiture for Money Judgment brought pursuant to Federal Rule of Criminal Procedure 32.2(b), and good cause having been shown, the Court GRANTS the motion for the reasons stated below:

On September 22, 2023, a trial jury found the Defendant, Jack Fisher, guilty as to Counts 2 and 122-135 of the First Superseding Indictment, pursuant to which the United States sought forfeiture of certain property under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1). Immediately following the verdict, the forfeiture phase of the trial began, and the jury further determined that the United States had established the requisite nexus between specific property and the offenses charged in Counts 2 and 122 through 135 of the First Superseding Indictment.

The United States thereafter brought this motion, seeking (1) an order of forfeiture against Defendant Fisher in the amount of $112,448,314.35, representing

property that Defendant Fisher obtained as a result of the offenses of conviction, and (2) a preliminary order of forfeiture as to certain specific assets determined by the trial jury to be forfeitable.

The Court hereby finds that based on the facts proven at trial, and the trial jury's finding that Defendant Fisher was guilty of Counts 2 and 122-135, at least $112,448,314.35 was obtained by Defendant Fisher as a result of the scheme set forth in the offenses of conviction.

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1) and Federal Rule of Criminal Procedure 32.2(b)(2), Defendant Fisher shall forfeit to the United States the sum of $112,448,314.35.  Subject to any ancillary proceedings and the resolution of any third party petitions, the net proceeds from the sale of any direct assets identified below shall be credited towards the order of forfeiture.

IT IS FURTHER ORDERED that this Order of Forfeiture for Money Judgment shall become a final order of forfeiture as to Defendant at sentencing.

IT IS FURTHER ORDERED that the United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order of Forfeiture for Money Judgment to substitute property having a value not to exceed $112,448,314.35 to satisfy the money judgment in whole or in part.

IT IS HEREBY FURTHER ORDERED that Defendant Jack Fisher shall forfeit to the United States his interest in the following property pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1):

(a) REAL PROPERTY:

1. 145 Biltmore Avenue, Unit 702, Asheville, North Carolina 28801, which is more fully described in Attachment A1,
2. 105 Good Hope Road, Okatie, South Carolina 29909, which is more fully described in Attachment A2,
3. 7661 Little Pine Road, Marshall, North Carolina 28751, which is more fully described in Attachment A3,
4. 195 Laramie Street, Markleeville, California 96120, which is more fully described in Attachment A4,
5. 12595 Etris Road, Roswell, Georgia 30075, which is more fully described in Attachment A5,
6. Sabadeco Crown Keys 21, Bonaire, which is more fully described in Attachment A6,
7. Vacant lots 5, 6, and 7 of Maps Bk. 6, Pg. 34, Parcel 002-460-005-000, Parcel 002-460-006-000, and Parcel 002-460-007-000, in Alpine County, California, which are more fully described in Attached A7,
8. Lots owned by Argent Land Holdings in Jasper County, South Carolina, including Parcel Numbers 066-00-00-013, 066-00-00-014, 066-00-00-015, 067-00-01-061, 067-00-01-081, 081-00-01-036, 081-00-01-037, 081-00-01-038, 081-00-01-039, which are more fully described in Attachment A8,

9. 1,918.7 acres owned by Highland Property Holdings in Baldwin County, Alabama, including Parcel numbers 32-01-12-0-000-001.000, 32-02-10-0-000-008.000, 32-06-13-0-000-003.000, 32-01-01-0-000-001.001, 32-01-02-0-000-001.139, 32-01-11-0-000-001-067, 32-01-02-0-000-001.184, which are more fully described in Attachment A9, and

10. Lots owned by New Hampstead Holdings in Chatham County, Georgia, including Parcel Numbers 11039-01020, 21024- 01003-2680, 21047-03002-2400, 21047-03008-401, 21047- 03010-3400, 21047-03016-2801, 21047-03019-2601, 21047-03038-2360, 21047-03038-2602, and 81039-01024-I-16, which are more fully described in Attachment A10.

(b) VEHICLES

1. One 2018 Mercedes Benz model GLS 550 4matic, VIN 4JGDF7DEXJB075577,

2. One 2012 Newmar Aire 4584, VIN 4VZVU1E91CC074794, and

3. One 2016 Renegade Stack Trailer, VIN 1K9500L32G1160257.

(c) AIRCRAFT

1. One 2007 Eclipse Aviation Corporation EA500 fixed wing multi-engine Aircraft.

(d) FUNDS

1. $518,078.40 in funds seized from Ameris Bank account ending in 0494 held in the name of TPC Finance LLC,

    2. $160,117.42 in funds seized from Ameris Bank account ending in 7832 held in the name of The Preserve Communities,

    3. $21,729.60 in funds seized from Ameris Bank account ending in 0549 held in the name of ICM,

    4. $1,417.40 in funds seized from JP Morgan Chase account ending in 2579 held in the name of Peregrine Management Services, and

    5. $216,936.20 in funds seized from JP Morgan Chase account ending in 8309 held in the name of TPC Capital LLC.

(e) MISCELLANEOUS

    1. $25,000.00 cash held in lieu of One Male Jumping Horse Named Levland, United States Equestrian Federation #5266926.

IT IS HEREBY ORDERED that upon entry of this order, the United States Attorney General, or his designee, is authorized to seize the property in accordance with Fed. R. Crim. P. 32.2(b)(3).

Federal Rule of Criminal Procedure 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment." However, as to the specific assets above in Paragraphs (a)-(e), above, the United States shall publish notice of this Order and its intent to dispose of the property in accordance with Fed. R. Crim. P. 32.2(b)(6) and in such a manner as described in Supplemental Rule G(4)(a)(iii) and (iv) of the Federal Rules of Civil Procedure. The United States shall send written notice, in accordance with Supplemental Rule G(4)(b)(iii)-(v), to any person who reasonably appears to be a

potential claimant with standing to contest the forfeiture of the above-listed property in the ancillary proceeding.

Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), any person, other than the named Defendant, asserting a legal interest in the property may within thirty days of the final publication of the notice or their receipt of the notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property and for an amendment to the order of forfeiture. Any petition filed by a third party asserting an interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of the third-party petitions. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is hereby final as to the Defendant. If no third party files a timely claim, this order shall become the final order of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

SO ORDERED this 17th day of October, 2023.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

Prepared by:
Norman L. Barnett, Assistant United States Attorney
(404) 581-6323